UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENISE RENEHAN and JOHN RENEHAN,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MENARD, INC., D/B/S MENARDS, and TEAM MENARD, INC., D/B/A MENARDS,<br><br>　　　　Defendants. | Case No.: 2:20-cv-00349 |

## NOTICE OF REMOVAL

COMES NOW Counsel, Renee J. Mortimer of Lewis Brisbois Bisgaard & Smith LLP, on behalf of Defendants, MENARD, INC., incorrectly sued as Menard, Inc., d/b/s Menards; and TEAM MENARD, INC., incorrectly sued as Team Menard, Inc., d/b/a Menards, and hereby files this Notice of Removal pursuant to 28 U.S.C.S. §1446, and invokes this Court's jurisdiction under the provisions of 28 U.S.C.S. §1332 and 28 U.S.C.S. §1441(b). In support of said removal, the Defendants state as follows:

1.　　On or about August 26, 2020, the Plaintiffs filed their Complaint in the Lake Superior Court in Lake County, Indiana. Plaintiffs allege in the Complaint that on February 3, 2019, Plaintiff was a customer on store premises in Merrillville, Indiana and sustained personal injuries as a result of a claimed slip and fall on material and/or merchandise that had accumulated and been left on the floor, allegedly causing a dangerous condition. *See*, *Group Exhibit A*, Plaintiffs' Complaint, ¶¶ 1-9. The Plaintiffs' alleged cause of action described in those papers sounds in negligence and purported loss of consortium, and it was brought with style and caption as *Denise Renehan and John Renehan v. Menard, Inc., d/b/s Menards, and,*

*Team Menard, Inc., d/b/a Menards* and is assigned Case No. 45D05-2008-CT-000872 (the "State Court Action"). *See Generally*, *Group Exhibit A*.

2. On September 10, 2020, Defendants, MENARD, INC., incorrectly sued as Menard, Inc., d/b/s Menards; and TEAM MENARD, INC., incorrectly sued as Team Menard, Inc., d/b/a Menards, were served with a copy of the Summons and Plaintiffs' Complaint. *See Generally, Group Exhibit A*.

3. 28 U.S.C.S. §1446(b) provides that a notice of removal may be filed within thirty (30) days after receipt by the Defendants of the initial pleading. The lawsuit was commenced on August 26, 2020 and served upon Defendants on September 10, 2020. As such, Defendants' Notice of Removal is timely filed under 28 U.S.C.S. §1446(b), as the time by which removal must be effectuated is October 12, 2020, and this Notice of Removal has been filed in advance of that date.

4. At all times relevant to the Plaintiffs' Complaint, DENISE RENEHAN and JOHN RENEHAN, as alleged in their Complaint, were citizens of Lake County, State of Indiana.

5. Under 28 U.S.C.S. §1332(c), a corporation is deemed a "citizen" for §1332 purposes only where it is incorporated and where its principal place of business is located. *Hertz Corp. vs. Friend*, 559 U.S. 77, 80 (2010).

6. At all times relevant to the Plaintiffs' Complaint, the place of incorporation and principal place of business of MENARD, INC., was Eau Claire, Wisconsin. Thus, MENARD, INC. is a citizen of the State of Wisconsin.

7. At all times relevant to the Plaintiffs' Complaint, the place of incorporation and the principal place of business of TEAM MENARD, INC., was Eau Claire, Wisconsin. Thus, TEAM MENARD, INC. is a citizen of the State of Wisconsin.

8. Plaintiffs claim that DENISE RENEHAN has suffered physical injuries, including a knee injury, and will suffer great bodily injury, pain, suffering, permanent impairment, and has incurred and will continue to incur expenses for medical treatment, as well as other expenses and damages. Upon information and belief, the bills for the alleged medical treatment for the injuries DENISE RENEHAN claims she sustained exceed $75,000 and continue to grow. Further, Plaintiff JOHN RENEHAN, has alleged a loss of consortium claim, which includes a claim for material services, conjugal relationships, companionship, aid, fellowship, company cooperation, comfort, love, care and affection. and has sustained other compensable damages under Indiana law. *See*, *Group Exhibit A*, Plaintiff's Complaint, ¶¶ *11-12*. .

9. Thus, the amount in controversy meets the federal requirement for removal. *See*, *Copak vs. State Farm Mut. Auto. Ins. Co.*, 2013 WL 450198 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

10. Because the jurisdictional minimum is satisfied and the parties are of diverse citizenship, the Court has jurisdiction over this matter under 28 U.S.C.S. §1332.

11. Pursuant to 28 U.S.C.S. §1446(d), the Defendants have given written notice of this removal to all parties in the State Court Action, and have filed a copy of this Notice of Removal with the clerk of the Lake County Superior Court.

12. Pursuant to 28 U.S.C.S. §1446(a), the Defendants attach to this Notice of Removal a copy of all pleadings, papers, and other orders served upon them in the State Court Action to date. *See*, *Group Exhibit A*.

WHEREFORE, the Defendants pray this Notice be granted and that said action be removed in its entirety from the Superior Court of Lake County, State of Indiana, to the United States District Court, Northern District of Indiana, as provided by law.

                Respectfully submitted,

                LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  s/ Renee J. Mortimer
       Renee J. Mortimer (20724-45)
       Renee.Mortimer@lewisbrisbois.com
       2211 Main Street, Suite 3-2A
       Highland, IN 46322
       T: 219.440.0604/F: 219.440.0601