UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENISE RENEHAN and JOHN RENEHAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:20-cv-349-PPS |
| ) | |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This case arises from a slip and fall that occurred at a Menard store in Merrillville, Indiana. The defendant, Menard, Inc., seeks summary judgment against the Plaintiffs, Denise and John Renehan. Because there is no evidence that Menard had either actual or constructive knowledge of the alleged hazardous condition, summary judgment will be granted.

**Background**

Denise Renehan twice visited the Menard store located at 6300 Mississippi Street, Merrillville, Indiana on February 3, 2019. [DE 5; Renehan Dep., DE 67-2 at 2–3.] On the first trip to the store, Renehan was accompanied by her husband. [Renehan Dep., DE 67-2 at 3.] They visited the flooring section, and they viewed a display of sample flooring tiles in the "laminate aisle." [*Id*. at 7; Oglesby Dep., DE 74-3 at 3.] Renehan did not notice anything on the ground of the laminate aisle during this first visit. [Renehan Dep., DE 67-2 at 7.]

Several hours later, at approximately six p.m., Mrs. Renehan returned to the

same Menard store. [*Id*. at 3.] On this occasion, she was alone. [*Id*.] Fewer than ten minutes into her second visit, Renehan returned to the flooring department. [*Id*. at 6.] Renehan noticed Menard employees stocking shelves in the flooring department and saw boxes that contained merchandise. [*Id*. at 3-4.] As she turned the corner to walk down a neighboring aisle—the same laminate aisle she walked down during her first visit—Renehan immediately slipped on several approximately two-inch by two-inch sample flooring tiles that were strewn on the floor. [*Id*. at 3–5] Renehan testified that the display case she had seen during her first visit had now been knocked over and approximately fifteen brown sample flooring tiles were strewn across the aisle floor. [*Id*. at 4–5, 7.]  It was those fifteen or so sample tiles that caused her to slip and fall. [*Id*.]

After her fall, Renehan informed Menard employee Stephen Oglesby about her fall and of the sample flooring tiles strewn on the floor of the laminate aisle. [*Id*. at 7; Oglesby Dep., DE 74-3 at 3.] Oglesby directed Renehan to the front of the store to meet with management and formally report the incident. [*Id*. at 3–5.] Ogelsby picked up the sample flooring tiles and wrote a handwritten statement concerning the incident. [*Id*. at 2–3.] At the front of the store, Menard employee Tammie Sarek met with Renehan and completed a formal incident report called a General Liability Notice of Occurrence/Claim. [Sarek Dep., DE 74-5 at 5–6.] Ogelsby's written statement became an attachment to this report. [DE 74-4 at 2.] After the incident, Sarek checked all the security cameras in the store to see whether she could locate a video of the incident, but the laminate aisle did not have any security camera coverage, so there is no video of incident. [Sarek Dep., DE 74-5 at 6.]

2

Neither Oglesby nor Sarek said that they put the sample flooring tiles on the floor of the laminate aisle, were aware that they were on the floor, or knew how long the tiles had been on the floor prior to Renehan's fall. [Oglesby Dep., DE 74-3 at 5; Sarek Dep., DE 74-5 at 5.] Another Menard employee who worked at the store earlier that same day, Carl Kepchar, said that he had not noticed any flooring samples on the ground during his shift or put any such samples on the ground himself. [Kepchar Dep., DE 67-4 at 4–7.] Ogelsby, Kepchar, and Sarek all stated that it was not normal for loose merchandise to be on aisle floors at this Menard store. [Oglesby Dep., DE 74-3 at 3–4; Kepchar Dep., DE 67-4 at 4–5; Sarek Dep., DE 74-5 at 6.] Ogelsby added that it was his practice to pick up loose items when he saw them on the floor. [Oglesby Dep., DE 74-3 at 5.]

For her part, Renehan did not know how long the flooring tiles had been on the ground of the laminate aisle, but, as mentioned, she did not see the tiles on the ground of the same aisle during her first visit two hours earlier. [Renehan Dep., DE 67-2 at 7, 10.] Within the same week of the incident, Renehan returned to the store with her husband. [Renehan Dep., DE 67-2 at 8.] Renehan did not see any sample flooring tiles on the ground of the laminate aisle during this third visit. [*Id.*]

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

3

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). I must take the facts in the light most favorable to the party opposing the motion. *Fulk v. United Transp. Union*, 160 F.3d 405, 407 (7th Cir. 1998).

Because this is a diversity jurisdiction case, I "apply state substantive law", which in this case is the law of Indiana. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). Renehan alleges Menard breached its duty of care by failing to protect her from the flooring sample hazard. Under Indiana law, "[t]he tort of negligence has three elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 878 (Ind. Ct. App. 2011). Renehan's suit is a negligence action based on a theory of premises liability, so I must first determine Renehan's status on Menard's property because this will establish the duty Menard owed Renehan. *See id*.

Renehan and Menard agree on several steps in this analysis, including Renehan's status on Menard's property and the corresponding duty Menard owed Renehan. As a customer, Renehan was a "business invitee" at the time of her fall. *See Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). Menard therefore owed invitee Renehan the "highest duty of care": the duty to "exercise reasonable care for the invitee's protection while [s]he is on the premises." *Christmas*, 952 N.E.2d at 880. But this duty does not include a duty to ensure a business invitee's safety while they are on the premises. *See Schulz*, 936 N.E.2d at 1144. To establish liability as a business invitee, Renehan must establish that the business had "actual or

4

constructive knowledge of the danger." *Id.*

Renehan concedes that Menard did not have actual knowledge of the danger here, the flooring tiles on the ground of the laminate aisle, so the inquiry turns to whether Menard had constructive knowledge of this danger. "To establish constructive knowledge, a plaintiff must show 'a condition [which] has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care.'" *Austin v. Walgreen Co.*, 855 F.3d 1085, 1088 (7th Cir. 2018) (applying Indiana law and quoting *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992)). Accordingly, to defeat summary judgment Renehan must point me to facts that establish that the flooring tiles existed on the ground for a such a length of time that Menard should have discovered them.

Renehan makes two arguments for why a genuine issue of material fact exists as to Menard's alleged constructive knowledge of the flooring tile hazard. First, Renehan relies upon *Jordan v. Meijer Stores L.P.*, 2012 WL 4867422 (S.D. Ind. Oct. 12, 2012) as an example of constructive knowledge where there is a repetitive, known danger. In *Jordan*, the plaintiff slipped on a green bean on the floor of a Meijer store. *Id.* at *1. The plaintiff presented undisputed testimony that Meijer employees were aware of an ongoing issue of green beans on the floor of the specific aisle and swept loose green beans from the floor every fifteen to twenty minutes. *Id.* at *1, *3. Based on this testimony, the court found that the evidence of a known and repeated problem defeated Meijer's motion for summary judgment on the question of actual or

5

constructive knowledge even though the plaintiff had not pointed to evidence of the exact amount of time that the danger had been present. *Id*. at *3.

Renehan has presented no evidence to support her theory that flooring tiles on the ground were a known and repeated danger at the Menard store. In fact, Menard's undisputed evidence suggests the opposite was true. As noted above, all relevant Menard employees testified that loose flooring tiles on the ground was not a recurring issue. [Oglesby Dep., DE 74-3 at 3–4; Kepchar Dep., DE 67-4 at 4–5; Sarek Dep., DE 74-5 at 6.] Renehan's testimony that she did not see the tiles on the floor during her first visit to the store on the day of her fall or her visit later the same week further defeats this argument. [Renehan Dep., DE 67-2 at 7–8, 10.] In short, Renehan's reliance on *Jordan* is misplaced because there is no evidence of a known, repeated issue with flooring tiles on the ground at this Menard location.

Second, Renehan vaguely refers to six Menard store policies and procedures regarding work responsibilities, store maintenance, and inspection to suggest that Menard failed to complete, or retain records of, certain required inspection checklists at the time of the incident. [DE 75 at 3–4.] Here, Renehan seems to argue that had Menard followed its own policies and procedures, the dangerous condition presented by the flooring tiles would never have occurred. At oral argument, counsel for Renehan described this policies argument as "extra" to the crux of their constructive knowledge argument, but I will briefly address why it too fails.

As Menard notes, a defendant's policies and procedures are not the standard of care that define the law of negligence. *See Wal-Mart Stores, Inc.*, 774 N.E.2d 891, 894–95

(Ind. 2002). The standard of care set forth in Menard's policies does not equate to the standard of care required by the law in a negligence action, so it follows that a defendant's violation of their own policies and procedures would not necessarily equate to a violation of the standard of care required by the law. *Id*. Moreover, Renehan's counsel at oral argument noted that Renehan had not alleged, much less established, that Menard had in fact violated its policies and procedures with respect to inspection checklists. Renehan's argument fails as a matter of law and does not create a genuine dispute as to any issue of material fact.

A review of *Austin v. Walgreen Company* sinks Renehan's case. 885 F.3d 1085 (7th Cir. 2018). The plaintiff in *Austin* slipped and fell at a Walgreen store in Hebron, Indiana. *Id*. at 1087. It was a wintry day with snow outside, so a Walgreen employee admitted that customers *could* track snow into the store and create hazardous wet conditions when that snow melted. *Id*. at 1088–89. But the only evidence offered by the plaintiff to rebut Walgreen's motion for summary judgment was her own statement that she stepped on something wet and her friend's testimony (and pictures) of water on the floor after the plaintiff's fall. *Id*. at 1087–88. In support of its motion, Walgreen pointed to testimony of an assistant store manager that she was not aware of any water on the floor where plaintiff fell prior to her fall as well as testimony of several witnesses who said that they also did not notice water on the floor immediately after plaintiff's fall. *Id*. at 1087.

The court affirmed the district court's grant of summary judgment for Walgreen and held that the plaintiff could not establish constructive knowledge. *Id*. at

1089. Importantly, the court commented "[plaintiff] relies on nothing but speculation to suggest that the alleged hazard existed for any significant length of time before her fall. Speculation does not defeat summary judgment." *Id*. Even accepting as true that plaintiff had established a dangerous condition (the wet floor), the plaintiff's failure to present any "evidence that Walgreen was or should have been aware of that condition in time to address it" defeated her claim. *Id*. As Menard has pointed out in its briefing, many other courts have granted summary judgment under similar circumstances in premises liability cases—a lack of evidence of constructive knowledge. *See e.g. Schulz*, 963 N.E.2d at 1145; *Griffin v. Menard, Inc.*, 175 N.E.3d 811, 813–14 (Ind. 2021); *Salisbury v. Kroger Limited Partnership*, No. 1:20-cv-00987, 2021 WL 4895327, at *5–6 (S.D. Ind. Oct. 20, 2021);.

Like the plaintiff in *Austin*, Renehan points to no evidence that the flooring samples hazard existed for a length of time that Menard should have discovered the issue. Renehan's claim fails for this same reason. In the absence of any evidence, aside from the testimony that the flooring tiles were not on the ground two hours prior, speculation is required to determine the length of time the hazard may have existed. The flooring tiles could have been spilled just a minute or two before Renehan's fall or it may have been an hour. We just don't know. Unfortunately for Renehan, speculation cannot be used to impute constructive knowledge on Menard. Summary judgment must therefore be granted.

Finally, the Parties agree that Mr. Renehan's loss of consortium claim depends on the survival of his wife's claim for injuries. Indiana law is clear that "a loss of

consortium claim derives its viability from the injured spouse's claim [for injuries]" against the defendant. *Bender v. Peay*, 433 N.E.2d 788, 791 (Ind. Ct. App. 1982). Because I have determined Menard not liable as a matter of law for Ms. Renehan's injuries, Mr. Renehan's derivative claim for loss of consortium fails as well.

## Conclusion

For the aforementioned reasons, Menard, Inc.'s Motion for Summary Judgment [DE 65] is **GRANTED**. All claims are **DISMISSED WITH PREJUDICE**. Menard, Inc.'s Motion for Extension of Time to File Daubert Motions [DE 79] is **DISMISSED** as moot. The Clerk shall enter judgment in favor of the Defendant and against the Plaintiffs accordingly.

**SO ORDERED.**

ENTERED: June 10, 2024

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT